REVISED – September 7, 2000

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-30273

_____

RAOUL A. HARRIS,

Petitioner-Appellant,

versus

EDGAR C. DAY, JR. Warden,
RICHARD IEYOUB, Attorney General,
STATE OF LOUISIANA

Respondents-Appellees

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

August 30, 2000

Before FARRIS[*], WIENER and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Raoul A. Harris ("Harris") appeals the district court's dismissal of his petition for habeas

_____

[*]   Circuit Judge of the 9th Circuit, sitting by designation.

corpus relief under 28 U.S.C. §2254 based upon ineffective assistance of appellate counsel. For the reasons set forth below, we find that Harris was constructively denied effective assistance of appellate counsel for his direct appeal, when only an "errors patent" brief was filed on Harris' behalf and his counsel subsequently withdrew via an *Anders* brief that failed to mention any arguable issues of appeal.

FACTUAL SUMMARY AND PROCEDURAL HISTORY

On April 6, 1988, at approximately 5:00 a.m., three men robbed a Seven-Eleven convenience store in New Orleans East. One man pointed a gun at the cashier, while another took cash out of the register and the third grabbed two twelve packs of beer and two bottles of champagne from a cooler in the back of the store. After the men left, the store clerk saw them jump over a fence adjacent to the store and get into a car. The cashier memorized the car's license plate number, returned to the store and phoned the police.

An on-duty police officer heard the broadcasted description of the car, and about twenty minutes after the robbery, saw a car which fit the description in the parking lot of another convenience store. The officer ordered the occupants out of the car and detained them until the store cashier arrived at the location. The cashier arrived and identified Harris as the gunman as well as the two other participants in the robbery. The cashier also identified the beer and champagne inside the car as the items which were stolen from the Seven-Eleven store. Neither the gun nor the money were recovered.

After a jury trial, Harris and his two codefendants were convicted of simple robbery. Finding Harris to be a second felony offender, the court sentenced him to fourteen years in prison. On direct

appeal, Harris' appointed appellate counsel filed a two page "errors patent" brief that did not raise any specific grounds for appeal but only requested that the appellate court review the record for "errors patent on the face of the record" and reverse the conviction and sentence. Counsel then filed a one page motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), only stating that upon review of the record, there were no non-frivolous issues for appeal. Harris then filed a pro se supplemental brief in which he raised seven assignment points of error.

A Louisiana Court of Appeals affirmed the convictions and sentences of Harris and his codefendants. The court addressed the seven assignments of error raised in Harris' pro se brief and also found that the "errors-patent" and *Anders* briefs filed by Harris' appellate counsel indicated a thorough review of the record. In November 1994, the Louisiana Supreme Court denied Harris' application for a supervisory writ.

Harris then filed the instant habeas corpus petition arguing first, the denial of due process because of the Louisiana courts delays in handling his direct appeal and state post-conviction motions, and second, that both trial counsel and appellate counsel performed ineffectively. Harris contended that trial counsel was ineffective on several occasions and appellate counsel was ineffective because of the "errors patent" brief.

The district court dismissed Harris' petition without prejudice for failure to exhaust state remedies. He appealed that ruling, which was then vacated and remanded for further proceedings based on a finding that the exhaustion requirement was waived by the state's inordinate delay in ruling on Harris post-conviction application. On remand, Harris filed a supplemental brief, raising additional claims that the evidence was insufficient to support the verdict; the trial court abused its discretion

in permitting the prosecution to present illegally obtained evidence; and the prosecution withheld exculpatory evidence.

A magistrate judge recommended that Harris' habeas petition be denied, determining that Harris' claims were meritless. Specifically, the magistrate judge stated that appellate counsel's motion to withdraw, was granted only after the state appellate court reviewed the record and determined that no frivolous issues existed and so appellate counsel's failure to raise arguable issues was irrelevant. After Harris objected to the magistrate judge's report, the district court adopted it and dismissed Harris' habeas petition. Harris timely filed notice of appeal. The district court permitted him to proceed in forma pauperis on appeal but denied him a certificate of appealability ("COA").

This court granted Harris a certificate of probable cause ("CPC") instead of a COA as required, since Harris filed his habeas petition before enactment of the Antiterrorism and Effective Death Penalty Act. See *Green vs. Johnson,* 116 F.3d 115, 1119-1112 (5th Cir. 1997). Although Harris raised several claims in his COA application, both he and appellees only briefed the issue of ineffective assistance of appellate counsel. We granted Harris a CPC, finding that he made a substantial showing of the denial of a federal right as to his claim that his appellate counsel ineffectively performed by filing an "errors patent" brief without identifying whether any non-frivolous issues for appeal existed.

DISCUSSION

This case raises an issue of first impression, since following our decisions in *Lombard v. Lynaugh*, 868 F.2d 1475 (5th Cir. 1989) and *Lofton v. Whitley,* 905 F.2d 885 (5th Cir. 1990) we have not resolved the issue of whether an indigent criminal defendant is effectively denied assistance of

4

appellate counsel when counsel files only an "errors patent" brief and then withdraws from the case pursuant to *Anders,* not identifying any arguable issues for appeal but only stating that the appeal is meritless. This question is presented in a context whereby Harris submitted pro se assignments of error.

Harris filed his habeas corpus petition prior to enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), thus pre-AEDPA habeas standards apply. On appeal from request for habeas relief, this court reviews district court's findings of fact for clear error and issues of law de novo. See *Moody v. Johnson*, 139 F.3d 477 (5th Cir. 1998).

Two requirements are necessary to establish that an attorney performed ineffectively as proscribed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient… [s]econd, the defendant must show that the deficient performance prejudiced the defense." *Id* at 687. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *Id.* at 694. Judicial scrutiny of counsel's performance must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. See *Id.* at 689.

The State's argument assumes that this case presents a typical ineffective assistance of counsel claim. Since the state appellate court reviewed each of Harris' pro se claims and found them to be without merit, the prejudice requirement of *Strickland* is not satisfied and thus Harris' claims fail.

The Fourteenth Amendment guarantees a criminal appellant the right to counsel in his first

5

appeal as of right. See *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, L.Ed.2d 811 (1963). The general rule announced in *Strickland,* that to prevail on an ineffective assistance claim counsel's performance must be both deficient and prejudicial, is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel. In such a case, the petitioner need not demonstrate the typical *Strickland*-type prejudice, because prejudice is presumed. See *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988).

*Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1998) reaffirmed *Anders*, which recognized that in some circumstances, counsel may withdraw from a case without denying fair representation, if some safeguards are observed. *Anders* requires, that counsel who believes an appeal to be frivolous must first conduct "a conscientious examination of the case." *Id.* citing *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. If counsel is of the opinion that the appeal is wholly frivolous, counsel may request leave to withdraw and the "request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."*Id.* Thus "a criminal appellant may not be denied representation on appeal based on appointed counsel's bare assertion that he or she is of the opinion that there is no merit to the appeal."*Id.*

In *Penson*, the Supreme Court found that a criminal defendant was deprived of constitutionally adequate representation when appointed counsel was allowed to withdrawal from a first appeal on the basis that the appeal was frivolous. "In cases such as this, it is inappropriate to apply... the lack of prejudice standard of *Strickland*... [s]uch application would render the protections afforded by *Anders* meaningless...."[citations omitted], *Penson* 488 U.S. at 75, 109 S.Ct. at 346.

In *Lofton v. Whitley*, 905 F.2d 885 (5th Cir. 1990) this court held that the defendant had been

6

constructively denied counsel when appellate counsel filed only an "errors patent" brief which did not raise any arguable points for appeal. *Id*. at 886-890. We determined that counsel's failure to raise any arguable grounds for appeal was the equivalent of withdrawing from representation without complying with the requirements of *Anders*. See *Lofton*, 905 F.2d at 887-888. Moreover, there was no evidence that either counsel or the state court of appeals had made a searching review of the record for any arguable basis for appeal. *Id*. at 888. Accordingly, this court was unable to conclude that there would have been no non-frivolous grounds for appeal or that counsel's failure to brief the issues was harmless. *Id*. at 889.This court reversed and remanded the case to the district court for entry of judgment granting habeas relief, unless that Louisiana state court afford Lofton an out-of-time appeal. *Id* at 890.

The *Lofton* decision relied on *Lombard v. Lynaugh,* 868 F.2d 1475 (5th Cir. 1989), which held that the defendant had been constructively denied counsel when his appellate attorney filed a two page "no-merit" brief but did not formally seek leave to withdraw pursuant to *Anders*. See *Lofton,* 905 F.2d at 888 (citing *Lombard*, 868 F.2d at 1480-1481). The *Lombard* panel determined that the attorney's actions functionally deprived the defendant of appellate representation altogether and that a showing of prejudice was not required under *Penson*. See *Lombard*, 868 F.2d at 1481. Unlike in *Lofton,* the panel in *Lombard* indicated that the fact that there were non-frivolous grounds for appeal was critical to its determination that the petitioner was entitled to relief. *Id.* at 1484.

This is not a case in which it is claimed that counsel's performance was merely ineffective. It is the constructive denial of counsel on appeal altogether which is at issue. The brief filed on Harris' behalf on direct appeal only requested the court to review the record for errors patent on its face. The "errors patent" brief, and subsequent *Anders* brief which pointed to no arguable issues, left Harris

7

essentially without representation during the court's decisional process. Counsel's determination that there was no merit to Harris' appeal, put him in the role of judge, and the role of advocate was abandoned. Though Harris presented pro se claims, *Anders* counsels that he was entitled to a lawyer's eye in reviewing his case and pointing out arguable issues for appeal, even if that lawyer decided to withdraw. The brief filed in *Lombard* was essentially the same as the one filed here, and this court determined that counsel did nothing to attempt to aid the appeal, beyond the initial perfecting of the appeal itself. "[I]n a functional sense, [the defendant] was afforded almost no appellate representation whatever." *Id.* at 1481. In line with our prior decisions in *Lofton* and *Lombard*, where "errors patent" and "no-merit" briefs were submitted, we find that Harris was constructively denied counsel during his appeal.

In his *Anders* motion to withdraw, Harris' appellate counsel did not set forth any arguable issues for appeal. In support of his motion to withdraw, he offered:

> counsel avers that the procedural history of the case and the facts have been reviewed, and that [his] conscientious and thorough review of the trial court record discloses no non-frivolous issues to raise on appeal, and no ruling of the trial court which arguably supports an appeal, either under existing jurisprudence or under a change which should be effected in the law. Counsel therefore moves to withdraw from the case, and with this motion informs appellant that he or she may file a supplemental brief in his or her own behalf. [1]

In his brief supplemental to the motion to withdraw, counsel reasserted again that he found "the defendant's case on appeal to be wholly frivolous in that there are no non-frivolous issues to present on appeal." Thus, counsel never identified for the appellate court anything in the record which might arguably support an appeal.

---

[1] Supplemental Brief and Motion to Withdraw, by M. Craig Colwart, Counsel for Defendant.

8

We understand the contention that if in counsel's assessment, the record did not present such arguable issues, the appeal would not be frivolous, and counsel would not have filed an "errors patent" brief in the first place. The magistrate judge's recommendation denying Harris' habeas petition to the district court found that the *Anders* brief was sufficient because although appellate counsel did not identify any arguable issues for appeal, counsel was not required to "create arguments." See *Moss vs. Collins,* 963 F.2d 44 (5th Cir. 1992). Although counsel is not expected to make up arguments, *Anders* requires the attorney seeking withdrawal on appeal to at least file a brief "referring to anything in the record that might arguably support the appeal," *Penson*, 488 U.S. at 81. This is required even if the attorney determines that the appeal is frivolous. *Lombard,* 868 F.2d at 1480.

The magistrate judge and district court also relied on the state appellate court's decision which, in affirming Harris' conviction, addressed counsel's brief and found that it complied with the requirements of *Anders*. The state appellate court conducted its own review of the record and determined that there were no non-frivolous issues presented. Counsel's motion to withdraw was granted after the court's independent review and after the court had addressed petitioner's pro se claims on the merits. The State emphasizes that the state appellate court also "painstakingly reviewed each of [Harris'] pro se claims and found them to be without merit[,]" hence Harris' claims were heard and adjudicated. While this statement is correct, the State does not address the holding previously set forth in *Penson* that prejudice is presumed where an indigent defendant is actually or constructively denied counsel in a direct appeal. "If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish-- as a prerequisite to habeas relief-- that he had some chance of success on appeal." *United States v.*

9

*Gimpson*, 985 F.2d 212, 215 (5th Cir.1993).

We cannot assess whether there were non-frivolous grounds for Harris' appeal based on the submitted briefs because both Harris and the State briefed only the issue of ineffective assistance of counsel.[2] We do have express findings below by the state court of appeal and federal district court that there were no non-frivolous issues for appeal, and we could venture into the record to make that determination ourselves. *Lombard* and *Lofton* differ on this distinction, where in *Lombard* there were nonfrivolous issues for direct appeal, and the *Lofton* court could not determine whether nonfrivolous issues existed. In any event, where a defendant is constructively denied the assistance of appellate counsel, discussion of prejudice is unnecessary under *Penson.* See *Lombard*, 868 F.2d at 1485, 1487.

Our reading of *Strickland*, *Anders* and *Penson* does not represent one side of a major split among the Circuit Courts. Where the same issue has been posed, the tenor seems to be in agreement with our own reading. The Sixth and Eleventh Circuits have held an *Anders* violation to constitute per se ineffective assistance of counsel. *Freels v. Hills*, 843 F.2d 958 (6th Cir.1998); *Cannon v. Berry,* 727 F.2d 1020 (11th Cir.1984). In a case where counsel submitted an *Anders* brief which did refer to potential issues for appeal, but only provided arguments to affirm the defendant's conviction, the Eighth Circuit found the brief to fall short of *Anders* and allowed a habeas petitioner his direct appeal reinstated for consideration of issues he had raised pro se, as well as any other claims counsel believed

---

[2] The parties here understood that this court's order grating Harris a CPC restricted the issue for appeal to the effectiveness of appellate counsel claim. (Harris' brief at 8, Appellees brief at 4 n.1) Actually, a grant of a CPC on a particular issue "brings up all issues raised in a petitioner's federal habeas petition." *McBride v. Johnson,* 118 F.3d 432, 436 (5th Cir. 1997). By failing to brief any other issues in his appellate brief, Harris has effectively waived those claims.

were arguable. *Evans v. Clarke,* 868 F.2d 267 (8th Cir. 1988). The Ninth Circuit recently held that "[n]o separate *Strickland* competence analysis is called for with respect to ineffective assistance claim[s] when counsel fails to comply with *Anders* requirements for withdrawing from appeal." *Davis v. Kramer,* 167 F.3d 494 (9th Cir. 1999)(citing to this court's decision in *Lofton* for support); See also *United States v. Peak,* 992 F.2d 39, 40 (4th Cir. 1993)( "The *Strickland* test is not universal– there are some genres of denial of counsel from which prejudice is presumed, including 'actual or constructive denial of assistance of counsel altogether'...")(quoting *Strickland*, citation omitted).

Finally, we may gain insight from the state courts of this circuit on this issue. Following *Lofton*, the Louisiana Supreme Court has rejected the practice of filing only errors-patent briefs implementing Internal Rule 11, which closely tracks the requirements set forth in *Anders* and mandates that such a brief be accompanied by a motion to withdraw. See *State vs. Benjamin,* 573 So.2d 528, 530-531.[3]

Relying on *Lofton* the Louisiana Supreme Court in *State v. Burton,* 608 So.2d 156 (La. 1992), held that petitioner was constructively denied the assistance of counsel on appeal when his appointed attorney filed only an "errors patent" brief. It further held that the fact the petitioner was able to present pro se assignments of error to the reviewing court did not alleviate the constitutional harm done to him by counsel's actions. *Id.* (citing *Penson,* 488 U.S. 75). The Louisiana Supreme Court

---

[3] "In an effort to comply with the *Lofton* decision [the court] unanimously adopted Rule 11..." which attempts to clarify the requirements of *Anders. State v. Benjamin,* 573 So.2d 528, 529 (La. 1990). If counsel determines that there are no meritorious issues for appeal, he or she may withdraw pursuant to procedures outlined in *Benjamin.* See also *State vs. Jyles*, 704 So.2d 241 (La. 1997); *State vs Mouton*, 653 So.2d 1176 (La. 1995).

11

has consistently taken this position citing *Lofton* and *Penson*.[4]

Because we do not determine that there would have been no non-frivolous grounds for appeal, and because Harris' counsel asserted no grounds in the "errors patent" and *Anders* briefs, we find that Harris is entitled to an appeal and an attorney to represent him in that appeal. For these reasons we reverse the district court's judgment denying habeas relief, and remand to the district court so that it may enter judgment granting the writ of habeas corpus unless the state of Louisiana affords Harris an out-of-time appeal with the assistance of competent counsel.

---

[4] *State v. Hampton*, 667 So.2d 550 (La. 1996); *State v Price*, 650 So.2d 1168 (La. 1995); *Louisiana ex rel. Banks v. Louisiana*, 634 So.2d 366(La. 1994); *Green v. Whitley*, 625 So.2d 1051 (La. 1993); *State v. Robinson*, 590 So.2d 1185 (La. 1992).