IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-40466
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CANDIDO GAYTAN-ORTIZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CV-97
USDC No. 5:04-CR-616-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Candido Gaytan-Ortiz (Gaytan), federal prisoner #34995-179, challenges the district court's dismissal of his 28 U.S.C. § 2255 motion. The district court granted a certificate of appealability on the issue whether Gaytan suffered ineffective assistance of counsel, warranting an out-of-time appeal, because appellate counsel failed to prosecute Gaytan's appeal and, in this collateral

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attack, failed to raise a claim of ineffective assistance of counsel due to his own failure to prosecute the appeal.

To obtain relief based on ineffective assistance of counsel, a movant must demonstrate both that his attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "The general rule announced in Strickland . . . is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel. In such a case, the petitioner need not demonstrate the typical Strickland-type prejudice, because prejudice is presumed." Harris v. Day, 226 F.3d 361, 364 (5th Cir. 2000). The government concedes that because counsel filed no appellate brief after filing a timely notice of appeal, Gaytan was constructively denied any assistance of counsel on appeal.

We have previously stated that "[s]ince the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal." United States v. West, 240 F.3d 456, 459 (5th Cir. 2001); see also Mack v. Smith, 659 F.2d 23, 25-26 (5th Cir. Unit A 1981). We clarified that under this "judicial remedy," the district court must dismiss a petitioner's § 2255 petition without prejudice and reinstate the judgment of conviction, which will restart the time for appeal under Federal Rule of Appellate Procedure 4(b)(1)(A). See West, 240 F.3d at 458. The government agrees that this is the proper remedy in this case. Accordingly, we VACATE the district court's § 2255 ruling and REMAND with instructions to dismiss Gaytan's § 2255 motion without prejudice, grant an out-of-time appeal, and reinstate the criminal judgment on the docket. See id. at 462.

To the extent that the district court's COA grant extends to counsel's conduct in the § 2255 proceedings, the denial of habeas relief is affirmed, as there is no constitutional right to counsel in postconviction proceedings. See Ford v. United States, 363 F.2d 437, 437-38 (5th Cir. 1966).

AFFIRMED IN PART: VACATED AND REMANDED IN PART