MONACO, J.
 

 The petitioner, William Evans, seeks a belated appeal based on his assertion that his appellate counsel was ineffective. We grant the petition.
 

 The petitioner contends that his sentence was technically terminated when the Department of Corrections failed to award him proper jail credit. The trial court agreed and ordered the Department to apply the appropriate credit being sought. Prior to his release from prison, however, the State filed a petition seeking his civil commitment pursuant to the
 
 Ryce Act,
 
 sections 394.910-.931, Florida Statutes (2010). Mr. Evans then asserted that in accordance with
 
 Larimore v. State, 2
 
 So.3d 101 (Fla.2008), the trial court did not have jurisdiction over him for the purposes of the
 
 Ryce Act.
 
 Thereafter, Mr. Evans agreed to voluntary commitment, but reserved the
 
 Larimore
 
 issue for appeal.
 

 Mr. Evans then retained private appellate counsel, and indeed an appeal was filed on his behalf. This court, however, dismissed the appeal for failure to prosecute. Mr. Evans now seeks a new appeal based on the ineffective assistance of his appellate counsel. The State admirably agrees that the petitioner was constructively denied any assistance of counsel on appeal, and suggests that the petition should be granted.
 
 See Harris v. Day,
 
 226 F.3d 361, 364 (5th Cir.2000).
 

 Accordingly, we grant the petition for belated appeal. A copy of this opinion shall be filed with the trial court and be treated as the notice of appeal from the judgment and sentence in Case
 
 No.2006
 
 MH-000949, in the Circuit Court in and for Citrus County, Florida. See Fla. R.App. P. 9.141(c)(6)(D).
 

 
 *593
 
 PETITION FOR BELATED APPEAL GRANTED.
 

 TORPY and JACOBUS, JJ„ concur.