# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2013

No. 12-31204

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES COOLEY, also known as Boo-Boo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1583

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James Cooley has applied for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and 235-month prison sentence for conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Cooley asserts that he is entitled to a COA on his claim of ineffective assistance of appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We dismissed Cooley's direct appeal of his sentence for failure to prosecute based on errors that appellate counsel acknowledged were his alone and in no way caused by Cooley himself.  The district court believed it could award no relief on the claim because the clerk of this court had denied Cooley's motions to reinstate the direct appeal.  The district court denied Cooley a COA.

A COA will issue if Cooley makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  If the district court denies relief on procedural grounds, a COA will not issue unless the applicant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If the district court denies relief on the merits, a COA will not issue unless the applicant shows "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

Obtaining relief based on a claim of ineffective counsel requires a showing that counsel's performance was deficient and that the deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney performs deficiently if his actions fall "below an objective standard of reasonableness."  *Id.* at 688.  "The general rule announced in *Strickland* . . . is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel."  *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000).  "In such a case, the petitioner need not demonstrate the typical *Strickland*-type prejudice, because prejudice is presumed."  *Id.*  This presumption applies even "in cases involving appeal waivers that also include[ ] a waiver of collateral review."  *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

Granting an out-of-time appeal is a permissible remedy if counsel has failed in his duty to perfect a requested appeal.  *United States v. West*, 240 F.3d

456, 459 (5th Cir. 2001).  Under this judicial remedy, the district court must dismiss without prejudice a petitioner's § 2255 claim of ineffective assistance of appellate counsel and reinstate the judgment of conviction, which will restart the time for appeal under Federal Rule of Appellate Procedure 4(b)(1)(A).  *Id.* at 459-60.

The record is clear that, through no fault of his own, an appellate brief was never filed in the appeal Cooley requested, and he was thus denied the effective assistance of appellate counsel and need not show prejudice.  *See Harris*, 226 F.3d at 364-65.  Accordingly, we grant a COA in connection with Cooley's claim of ineffective assistance of appellate counsel, VACATE the district court's ruling on that claim, and REMAND with instructions to dismiss without prejudice Cooley's § 2255 claim of ineffective assistance of appellate counsel, reinstate the criminal judgment on the docket, and grant an out-of-time appeal.