IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 91-2281

_____

BILLY ROY MOSS

Petitioner-Appellee,

versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

(May 22, 1992)

Before WILLIAMS and WIENER, Circuit Judges, and LITTLE, District
Judge.[1]

LITTLE, DISTRICT JUDGE:

Appellee Billy Roy Moss seeks federal habeas corpus relief.
The district court granted Moss partial habeas relief based on its
finding that Moss received ineffective assistance of appellate
counsel in violation of Anders v. California, 386 U.S. 738, 87
S.Ct. 1396 (1967). Additionally, the court made a determination
that Moss's application was not an abuse of the writ of habeas
corpus. Appellant James A. Collins, on behalf of the Texas
Department of Criminal Justice (hereinafter the State), appeals

_____

[1] District Judge of the Western District of Louisiana,
sitting by designation.

both elements of the district court's decision.  For the reasons set forth below, we affirm the district court's ruling that Moss has not abused the writ, and we reverse the court's determination that Moss received ineffective assistance of counsel.

## I. Facts

Billy Roy Moss was charged with the felony offenses of aggravated robbery and unlawful possession of a firearm for a 1977 holdup of a liquor store in Houston, Texas.  During the holdup Moss pistol whipped the store's manager.  Separate trials for each offense were held in the 228th District Court of Harris County, Texas.  In August of 1977 Moss was convicted of aggravated robbery and sentenced to ninety-nine years in prison.  In October of the same year Moss was convicted of unlawful possession of a firearm by a felon and sentenced to life imprisonment.  The penalties for both of Moss's convictions were enhanced by two prior felony convictions.  The Texas Court of Criminal Appeals affirmed these convictions in June of 1978.  Moss v. State, Nos. 58, 613 and 58, 614 (Tex. Crim. App. June 14, 1978).

Moss filed two petitions for habeas relief in the Texas state court, but both were denied.  Moss then filed his first petition for federal writ of habeas corpus on 4 October 1979.  Moss filed a second petition for federal habeas corpus with the Southern District of Texas on 9 December 1985.  The district court ruled that the second filing was an abuse of the writ.  On appeal, this court affirmed in part and reversed in part, and remanded the case for a determination as to whether Moss had actual knowledge of the

2

legal significance of the facts underlying his second petition at the time when his first petition was filed.  <u>Moss v. Lynaugh</u>, 833 F.2d 1088 (5th Cir. 1987).

After an evidentiary hearing before a magistrate, a report and recommendation issued suggesting that habeas relief be granted in part and denied in part, and that Moss's convictions be set aside unless the Texas appellate court grants an out-of-time appeal within 90 days.  The district court adopted the recommendations of the magistrate and issued a judgment granting Moss partial habeas relief.  The state appeals that judgment.

II.  The Record of the Hearing before the Magistrate

Upon commencing the hearing, the magistrate declared that the issue of abuse of writ would not be addressed and that he had determined that the Moss had not abused the writ.  Preserving its right on appeal, the State entered a timely objection.  The report and recommendation states:

> After reviewing all of the documents filed in this case, after reviewing the state court records filed with the court in this case, and after hearing the testimony of Moss, the Court concludes that, even though Moss may have known the existence of certain operative facts, he certainly had insufficient grasp of the legal significance of those facts to merit a finding that he abused the writ.  Moss, who is virtually illiterate . . . had no intention of withholding issues to harass respondent or to piecemeal his litigation.

The magistrate's report also finds that Moss received ineffective assistance of appellate counsel in violation of <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396 (1967).  The report stated that Moss was denied his right as an indigent to "be furnished the trial record and be allowed time by the appellate

3

court to raise any points that he chooses." (citing Anders, 386 U.S. at 744). This finding was based on stipulations delivered at the evidentiary hearing that revealed that Moss had not been permitted to review his appeal records and that he did not receive the opportunity to file a pro se brief before his conviction was affirmed.

The report also stated that, other than the Anders violation, "[a]ll of the asserted grounds for relief advanced to date by Moss in his various petitions are either utterly lacking in merit or are without any factual basis for raising." Further, the magistrate found that the appointed counsel's briefs "marginally" complied with the requirements of Anders. Additionally, but of significance, the magistrate noted that appellate counsel did not move to withdraw as attorney for Moss.

The State argued that under Lockhart v. McCotter, 782 F.2d 1275 (5th Cir. 1986), Moss's petition should be denied because he did not show prejudice, i.e., but for counsel's alleged errors there is a reasonable probability that the conviction would be reversed on appeal. The magistrate responded that the question of prejudice would effectively be presumed--that Moss need not show specific acts of unprofessional conduct to be entitled to relief on an Anders violation, even though no nonfrivolous issues had yet been raised. The magistrate also stated that Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346 (1988), which directed that a prejudice analysis is inapplicable in the case of an Anders violation, preempts application of Lockhart.

4

### III. Abuse of Writ

The ruling that Moss has not abused the writ of habeas corpus will be reversed only for abuse of discretion. Shouest v. Whitley, 927 F.2d 205, 207 (5th Cir. 1991). In this case, the district court appears to have done exactly as the November 1987 remand order directed: it made a determination as to whether Moss had abused the writ process by filing a second habeas corpus petition. Review of that issue is, however, unnecessary because of our determination on the merits of Moss's petition.

### IV. Ineffective Assistance of Appellate Counsel

A criminal defendant may not be denied representation on appeal based on appellate counsel's bare assertion that an appeal has no merit. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Should appellate counsel move to withdraw from representation, he must file a brief advising the court of anything that might arguably support the appeal. Id. at 744. Likewise, before it considers the case on its merits without the assistance of counsel, the appeals court must first find that there are no nonfrivolous issues for appeal. Id. Additionally, Anders directs that "[a] copy of counsel's brief should be furnished to the indigent, and time allowed him to raise any points that he chooses." Id.

Although it does not dispute that Moss was denied the opportunity to file a pro se brief on appeal, the State argues that Moss must show prejudice -- i.e., a reasonable probability that his conviction would be reversed on appeal due to certain untoward

professional deficiencies of his counsel -- as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The magistrate dismissed the State's argument in the light of Penson v. Ohio 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), which held that the prejudice showing of Strickland was inappropriate where the appointed counsel is allowed to withdraw without meeting the Anders requirements.

The Supreme Court in Penson reiterated the rule that "`[a]ctual or constructive denial of counsel altogether is legally presumed to result in prejudice.'" Id. at 88 (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In Penson, appointed counsel prematurely withdrew, leaving the accused without counsel while the case was under appellate review. Discussing the minimum briefing requirements set forth in Anders, the Court stated that only after the appellate counsel has filed the Anders brief and "the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." Id. at 80.

Our task here, therefore, is simply to determine whether actual or constructive denial of appellate counsel has occurred. Specifically, we must inquire whether Moss has been denied counsel by the lack of opportunity to review the record and file a pro se brief on appeal. Conversely, if Moss has not been denied counsel, Strickland requires that he show a reasonable probability that his conviction would be reversed on appeal but for certain lapses by his lawyer. Strickland, 466 U.S. at 695; see also Ricalday v.

6

<u>Procunier</u>, 736 F.2d 204, 205-6 (5th Cir. 1984); <u>Hamilton v. McCotter</u>, 772 F.2d 171, 182 (5th Cir. 1985). Both the deficiency and prejudice aspects of the ineffectiveness inquiry present mixed questions of law and fact.

The Fifth Circuit's analysis of the <u>Anders</u> requirements has focused on two areas: (1) whether counsel has prematurely withdrawn (before filing an <u>Anders</u> brief, as in <u>Penson</u>); and, (2) whether an adequate <u>Anders</u> brief was filed (advising the court of any nonfrivolous issues on appeal). In <u>Lombard v. Lynaugh</u>, 868 F.2d 1475 (5th Cir. 1989), we concluded that, even where counsel did not withdraw prematurely, the petitioner was not required to show <u>Strickland</u>-type prejudice if he "was afforded almost no appellate representation whatever, and there <u>were</u> non-frivolous appeal issues." <u>Id.</u> at 1481 (emphasis supplied). The appellate counsel in <u>Lombard</u> filed an <u>Anders</u> brief that, although it stated that the appeal was without merit, did not call attention to any of the arguable issues in the case. <u>Id.</u> at 1480. The fact that there were nonfrivolous grounds for appeal was critical to our determination that counsel's failure to add such grounds to his brief presented circumstances "sufficiently analogous to those in <u>Penson</u> to prevent the utilization of the <u>Strickland</u> prejudice test." <u>Id.</u> at 1484.

In this case, an adequate <u>Anders</u> brief was filed. The only possible infirmity here lies in the petitioner not being given the record and the opportunity to file his own <u>pro</u> <u>se</u> brief. However, the record does not indicate how counsel provided less than effective assistance. The report states that Moss "was returned to

7

the Texas Department of Corrections on December 5, 1978, without having been permitted to review the records . . . , [and that] [p]etitioner did not receive the opportunity to file a pro se brief before his convictions were affirmed."  This suggests that counsel may not have reviewed the record with Moss or advised him that he might file a pro se brief.  But was he required to do so?

Under these circumstances, we find that counsel's actions did not in any way deny Moss his right to appellate counsel.  First, counsel did not withdraw.  Indeed, the magistrate observed in the report that the instant case differs from Penson in that "appellate counsel never withdrew as petitioner's counsel and the Court of Criminal Appeals, after review of the record, determined the appeals were `wholly frivolous and without merit.'"  After reviewing the records in both of Moss's cases, appellate counsel filed an Anders brief and awaited the decision of the Texas Court of Criminal Appeals.  Given these facts, it cannot be said that Moss was denied actual assistance of counsel; nor was he left unrepresented during his appeal.

Second, and most importantly, Moss had no nonfrivolous issues to raise on appeal.[2]  We have never been presented with any nonfrivolous issues that could have been asserted by Moss's counsel.  Moreover, even if counsel had delivered the record to Moss, there would have been little advice he could have given him

_____

[2]  The magistrate's report agrees with the finding of the Texas Court of Criminal Appeals that Moss's grounds for appeal were "wholly frivolous and without merit." The magistrate stated that "[a]ll of the asserted petitions are either utterly lacking in merit or are without any factual basis for raising."

regarding pro se appeal. These facts push this case finally outside the rationale of Anders: to ensure that counsel is not allowed to withdraw without showing that there are no nonfrivolous issues for appeal. Penson, 488 U.S. 80. Anders requires that any request to withdraw be accompanied by a brief "referring to anything in the record that might arguably support an appeal." 366 U.S. at 744. Anders does not require appointed counsel to create arguments. Rather, the issue is whether there are any grounds for appeal. If counsel concludes that his client has no nonfrivolous grounds for appeal after a good faith examination of all of the procedural and substantive facts, he must indicate it in the brief and await the court's decision. Based on counsel's brief and the record, the appeals court will determine whether counsel has dispatched his duties; if the court agrees that there are no nonfrivolous grounds for appeal, nothing further is expected from appointed counsel by either Anders or its progeny. The mandatory requirements of Anders were complied with in this case, and Moss was not denied the assistance of effective appellate counsel. Thus, the district court erred in finding that Moss did not need to show Strickland-type prejudice.

Given that he has demonstrated no nonfrivolous grounds of appeal, Moss has clearly not shown a reasonable probability that his convictions would be overturned had he been given counsel's brief or allowed time to file his own brief. Because there has been no actual or constructive denial of counsel and Moss has not shown that he was prejudiced by any specified irregularity, the

9

district court erred in granting habeas relief.

Although we agree with the district court's determination that Moss did not abuse the writ when he filed a second petition for habeas corpus, we must reverse the district's court grant of habeas corpus relief.  For the foregoing reasons, we REVERSE the district court's grant of petitioner's writ of habeas corpus, and RENDER judgment denying his petition.