UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30791
Summary Calendar

_____

JONATHAN F. CHAMPAGNE,

Plaintiff-Appellee,

versus

JEFFERSON PARISH SHERIFF'S OFFICE et al.,

Defendants,

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
(Incorrectly sued as Louisiana Department of Corrections); MIKE
FOSTER, GOVERNOR, STATE OF LOUISIANA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

September 16, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:

The Louisiana Department of Public Safety and Corrections
(LDPSC) and Louisiana Governor Mike Foster appeal the partial
denial of Eleventh Amendment and qualified immunity in Jonathan
Champagne's 42 U.S.C. § 1983 action. The district court denied
defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss regarding

Champagne's claim that he was knowingly worked beyond his capacities in prison.

Denials of motions to dismiss on Eleventh Amendment or qualified immunity grounds are appealable collateral orders when based on issues of law. *E.g.*, **Mitchell v. Forsyth**, 472 U.S. 511, 525 (1985) (qualified immunity); **Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.**, 506 U.S. 139, 147 (1993) (Eleventh Amendment). Of course, we review issues of law *de novo*. **Western Alliance Ins. Co. v. Northern Ins. Co. of New York**, 176 F.3d 825, 827 (5th Cir. 1999).

The Eleventh Amendment bars citizens' suits in federal court against States and their alter egos. *E.g.*, **Voisin's Oyster House v. Guidry**, 799 F.2d 183, 185 (5th Cir. 1986). Whether an entity is covered by a State's Eleventh Amendment immunity turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems, (5) ability to sue in its own name, and (6) right to hold and use property. *E.g.*, **Hudson v. City of New Orleans**, 174 F.3d 677, 681 (5th Cir. 1999). Funding is most important. **Id.** at 681-82. These factors suggest that all Louisiana executive departments have

Eleventh Amendment immunity. *Darlak v. Bobear*, 814 F.2d 1055, 1060 n.5 (5th Cir. 1987).

All but the last two factors favor Eleventh Amendment immunity for LDPSC. Louisiana statutes and cases place the LDPSC within the executive branch, LA. REV. STAT. 36:4(A)(8); *Hryhorchuk v. Smith*, 390 So.2d 497, 502 (La. 1980); the LDPSC is state funded, *Wilson v. State of Louisiana Through Dept. of Public Safety and Corrections*, 576 So.2d 490, 492 (La. 1991)(state liable for judgments against LDPSC); the head of the LDPSC is appointed by the Governor and serves at his pleasure, LA. REV. STAT. 36:403; and the agency is charged with state-wide law enforcement and rehabilitation, LA. REV. STAT. 36:401(B), which are described as "functions of the state", LA. REV. STAT. 36:408. That LDPSC may sue and be sued, LA. REV. STAT. 36:401(A), and hold property, LA. REV. STAT. 36:406(B), is outweighed by other factors, particularly State liability for LDPSC judgments. "[B]ecause an important goal of the eleventh amendment is the protection of states' treasuries, the most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds." *McDonald v. Board of Miss. Levee Comm'rs*, 832 F.2d 901, 907 (5th Cir. 1987).

Section 1983 does not abrogate Eleventh Amendment immunity, ***Quern v. Jordan***, 440 U.S. 332, 345 (1979); and Louisiana has not waived it, LA. REV. STAT. 13:5106(A).  Accordingly, the action against LDPSC is barred.  We **REVERSE** and **REMAND** with instructions to dismiss for lack of subject-matter jurisdiction.  *See **Voisin's Oyster House***, 799 F.2d at 188-89.

Governor Foster is entitled to qualified immunity because Champagne's complaint alleges no personal involvement by the Governor; and, of course, subordinates' acts trigger no individual § 1983 liability.  *E.g.*, ***Alton v. Texas A&M Univ.***, 168 F.3d 196, 200 (5th Cir. 1999).  We **REVERSE** the denial of Governor Foster's Rule 12(b)(6) motion and **DISMISS** the claim against him.

Champagne's motion to compel evidence and request subpoena service is **DENIED**.

*REVERSED AND REMANDED; MOTION DENIED*