IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-20015

Summary Calendar

---

BAMIDELE OLALUMADE

Petitioner-Appellant

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Respondent-Appellee

---

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-98-CV-691

---

June 16, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Olalumade was convicted of solicitation to commit capital murder on May 13, 1994. His conviction was affirmed on direct appeal on May 23, 1996. Olalumade did not file a petition for discretionary review. He filed a state application for writ of habeas corpus, which was denied on December 18, 1997, and he filed a petition for writ of habeas corpus in the district court on March

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

9, 1998. The district court dismissed Olalumade's petition on the merits, and we AFFIRM.

Olalumade claims that he was denied effective assistance of counsel in violation of the 6th Amendment. He asserts that his attorney (1) failed to perfect his direct appeal and to cite authority to support one of his five points of error in the appeal resulting in the waiver of that point of error, (2) failed to inform him of the disposition of his direct appeal, and (3) failed to inform him that he could file a petition for discretionary review.

Since the Court of Appeals for the Fourteenth Judicial Circuit of Texas decided Olalumade's direct appeal, his claim that the appeal was not perfected is manifestly false. Olalumade also asserts his attorney's inadequate briefing constituted ineffective assistance of counsel. The state appellate court deemed waived his claim that the state trial court erred in failing to instruct the jury on the defense of duress, because Olalumade's attorney cited no authority in her brief to the appellate court to support that point of error. However, the appellate court also noted that the evidence Olalumade presented did not appear to support the defense of duress under Texas law. To state a claim of ineffective assistance of appellate counsel, a petitioner must show performance of counsel so deficient as to fall below objectively reasonable conduct of appellate counsel and resulting prejudice. *See Williams*

2

*v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994). There is prejudice where there is a reasonable probability that, but for the deficient performance of counsel, the result on appeal would have differed. *See Moss v. Collins*, 963 F.2d 44, 47 (5th Cir. 1992). Olalumade has not shown any probability that the result of the appeal would have been different had his counsel cited authority on that one of his five points of error.

Olalumade claims that his appellate counsel failed to inform him of the disposition of his direct appeal. His attorney presented an affidavit in which she stated that she did in fact inform him of the state appellate court's affirmance of his conviction, and Olalumade presented affidavits from prison mail room employees who stated that their review of mail records showed no letter from his attorney. We review the district court's findings of fact for clear error. *See Fairman v. Anderson*, 188 F.3d 635, 640 (5th Cir. 1999). We are not persuaded that the magistrate judge erred in his findings of fact.

Finally, Olalumade argues that his attorney failed to inform him of his right to file a petition for discretionary review. Olalumade argues that he was denied effective assistance of counsel because his appellate counsel failed to inform him that he could seek discretionary review after his direct appeal. His appellate attorney stated that she did so inform him, and the magistrate was convinced that Olalumade's claim was not supported by the facts.

3

We see no error in the magistrate's findings of fact.

Furthermore, there is no right to counsel to prepare petitions for discretionary review. *See Ross v. Moffitt*, 417 U.S. 600, 619 (1974). In *Wainwright v. Torna*, the Court reversed this court's grant of the writ of habeas corpus to a petitioner who claimed ineffective assistance of counsel because his counsel failed to timely file a petition for discretionary review. *See Wainwright v. Torna*, 102 S.Ct. 1300, 1301 (1982). The Court held that under *Ross v. Moffitt*, the petitioner could not claim ineffective assistance of counsel for failure to perfect a petition for discretionary appeal since there was no right to counsel on discretionary review. *See id.*

Olalumade's argument amounts to the claim that his counsel on direct appeal was ineffective rather than any claim about the conduct of a discretionary appeal that never occurred. Nevertheless, Olalumade argues that he was harmed by the attorney's failure to inform him of his right to petition for discretionary review because that prevented him from doing so. The alleged attorney misconduct in this case is equivalent to that in *Wainwright v. Torna*, in which the Supreme Court held that no constitutional right was implicated. Olalumade does not argue that his attorney's conduct had any effect on his direct appeal of right.

Since Olalumade filed his petition after the effective date of the Antiterrorism and Efffective Death Penalty Act ("AEDPA"), its provisions govern his claim. *See Green v. Johnson*, 116 F.3d 1115, 1119-20 (5th Cir. 1997). Olalumade's claims were presented to the Texas Court of Criminal Appeals in his state application for writ of habeas corpus. The state court denied his claims. When the Texas Court of Criminal Appeals denies a claim, that claim has been adjudicated on the merits. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). When a petitioner's claim has been adjudicated on the merits in state court proceedings, a federal court shall not grant a writ of habeas corpus unless the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The state court's disposition of this claim was consistent with existing Supreme Court precedent, and its application of the law to the facts was reasonable. The magistrate judge correctly determined that Olalumade was not entitled to relief.

Under *Teague v. Lane*, new rules of criminal procedure will not be established on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989). The State raises the *Teague* defense for the first time

5

on appeal. We have discretion to apply the *Teague* bar even though the state has waived the defense. *See Caspari v. Bohlen*, 510 U.S. 383, 389 (1994). This court refused to apply the *Teague* defense the state waived in *Blankenship v. Johnson*, 188 F.3d 312, 316 (5th Cir. 1997). There, the petitioner claimed ineffective assistance of counsel for failing to inform him of the possibility of discretionary appeal, including the state's petition for discretionary appeal that resulted in the reinstatement of his conviction. *See id.* In view of the disposition of this appeal, we do not decide whether to apply the *Teague* bar under these different circumstances.

Since Olalumade's arguments supporting his claim of ineffective assistance of counsel lack merit, we affirm the dismissal of his petition.

AFFIRMED.