IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30995
_____


NEW ORLEANS TOWING ASSOCIATION, INC; DUCROS AUTOMOTIVE, INC;
D&G BODY SHOP INC; DON HINGLE'S BODY SHOP, INC; STEVENS BODY
& FENDER, INC

                                        Plaintiffs - Appellees

        v.

M J FOSTER, JR, Individually and in his official capacity as
Governor of the State of Louisiana; RICHARD P IEYOUB,
Individually and in his official capacity as Attorney
General of the State of Louisiana; W R WHITTINGTON, Colonel,
Individually and in his official capacity as Deputy
Secretary and Superintendent of the Department of Public
Safety and Corrections, Office of State Police


                                        Defendants - Appellants

_____

            Appeal from the United States District Court
               for the Eastern District of Louisiana
_____
                        February 6, 2001

Before KING, Chief Judge, WIENER, Circuit Judge, and LYNN,[*]
District Judge.

KING, Chief Judge:[**]

_____

        [*]   District Judge of the Northern District of Texas,
sitting by designation.

        [**]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.

Defendants-Appellants appeal the district court's judgment denying their motion to dismiss Plaintiffs-Appellees' state law damage claims. The district court concluded that the Eleventh Amendment did not shield Defendants-Appellants from the Plaintiffs-Appellees' claims for damages insofar as the suit was against them in their individual capacities. For the following reasons, we AFFIRM the district court's judgment and REMAND for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 1999, Plaintiffs-Appellees the New Orleans Towing Association, Inc.; Ducros Automotive, Inc.; D & G Body Shop, Inc.; Don Hingle's Body Shop, Inc.; and Stevens Body & Fender, Inc. (collectively the "Plaintiffs") sued Defendants-Appellants M.J. Foster, Jr., Louisiana's Governor; Richard Ieyoub, Louisiana's Attorney General; and W.R. Whittington, Deputy Secretary and Superintendent of Louisiana's Department of Public Safety and Corrections (collectively the "Defendants"), in both their official and individual capacities. The Plaintiffs, companies in the towing business and an association of tow truck operators, claim, <u>inter alia</u>, that by enforcing The Louisiana Towing and Storage Act, LA. REV. STAT. ANN. §§ 32:1711-32:1750 (West 2000) (the "Act"), against the Plaintiffs' businesses, Defendants have violated and continue to violate the First

47.5.4.

2

Amendment, Commerce Clause, Due Process Clause, and Equal Protection Clause of the U.S. Constitution and certain equivalent sections of the Louisiana Constitution. More specifically, the Plaintiffs allege that they and their members have been unconstitutionally ticketed and fined by the Louisiana Department of Public Safety and Corrections (the "Department") for violations of the Act. The Plaintiffs argue that the Act is preempted by federal law, that the Act is unconstitutional, and that the Defendants exceeded their statutory authority in fining them. The Plaintiffs sought a declaratory judgment to this effect, an injunction prohibiting the Defendants from enforcing the Act, and money damages.

On May 28, 1999, the Defendants moved to dismiss the Plaintiffs' complaint, asserting that the Eleventh Amendment barred the claims for injunctive, declaratory, and monetary relief that were based upon Louisiana law. The district court dismissed the suit as to the state law claims for declaratory and injunctive relief, but allowed the state law claims for monetary relief against the Defendants in their individual capacities to continue. The district court concluded that the Eleventh Amendment precluded claims for injunctive, declaratory, and monetary relief against the Defendants in their official capacities, to the extent that they were based on state law. However, the district court found that "[t]he Eleventh Amendment does not prevent the plaintiffs from seeking to recover against

3

the defendants personally" if the Plaintiffs are attempting to recover "money damages directly from the [Defendants'] own pockets."

On appeal, the issue is simply the potential individual-capacity liability of the Defendants for damages — liability presumably based upon an unconstitutional pattern of fining the Plaintiffs. At this stage of the proceedings, without any factual development, we are only called upon to resolve the narrow legal question whether the district court properly declined to dismiss the Plaintiffs' state law claims for damages against the Defendants in their individual capacities. On the bare complaint, we are even reluctant to pass judgment on what appears to be a rather suspect damages action directed against state officials. We make clear that we are intimating no position on the merits of the allegations because there is no evidence before us at this early stage in the proceedings.[1]

## II. STANDARD OF REVIEW

The denial of a motion to dismiss, which raises a colorable claim of immunity, is appealable under the collateral order

_____

[1] We note that in its August 25, 1999 order on the Defendants' motion to dismiss, the district court ordered that the Plaintiffs file a Rule 7(a) reply tailored to the Defendants' defense of qualified immunity. The Plaintiffs filed such a reply on September 10, 1999. Because the issue of qualified immunity was not raised on appeal, we leave it to the district court to determine if the Plaintiffs' Rule 7(a) reply pleads sufficient facts to hold the state officials liable for damages.

4

exception to the finality requirement of 28 U.S.C. § 1291 (1993).

See Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993); see also Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999). We review de novo a district court's denial of a Rule 12(b)(6) motion to dismiss on immunity grounds. See Ysleta Del Sur Pueblo v. Laney, 199 F.3d 281, 285 (5th Cir.), cert. denied, 120 S. Ct. 2007 (2000); Malina, 994 F.2d at 1124.

A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). The complaint must be liberally construed in favor of the Plaintiffs, and all facts pleaded in the complaint must be taken as true. See id.; see also Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986).

Finally, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Instead, "[t]he district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

5

claim which would entitle him to relief.'"  <u>Collins</u>, 224 F.3d at 498 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

**III. SUITS AGAINST STATE OFFICIALS IN THEIR**

**INDIVIDUAL CAPACITIES ARE NOT BARRED BY THE ELEVENTH AMENDMENT**

In deciding the narrow question whether the Plaintiffs may bring an individual-capacity suit against the Defendants for damages arising under state law, we first lay out the analytical framework in which we address the Defendants' Eleventh Amendment arguments.  We conclude, with no judgment as to the merits of the underlying action, that the Defendants may be sued in their individual capacities for damages.

### A. Individual-Capacity Actions Versus

### Official-Capacity Actions

The Supreme Court has interpreted the Eleventh Amendment to provide that "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'"  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) (quoting <u>Employees v. Dep't of Pub. Health & Welfare</u>, 411 U.S. 279, 280 (1973)).  This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself. See <u>id.</u> at 117.

We recognize that "[t]he performance of official duties creates two potential liabilities, individual-capacity liability

for the person and official-capacity liability for the [state]."
Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478,
484 (5th Cir. 2000).  Suits brought against a state official in
his official capacity "generally represent only another way of
pleading an action against an entity of which an officer is an
agent."  Hafer v. Melo, 502 U.S. 21, 25 (1991) (internal
quotations omitted) (quoting Kentucky v. Graham, 473 U.S. 159,
165 (1985)).  "Personal-capacity suits, on the other hand, seek
to impose individual liability upon a government officer for
actions taken under color of state law."  Id.  In the former case
of liability, the Supreme Court has held that the Eleventh
Amendment bars state law claims against state officials for
injunctive or monetary relief.  See Pennhurst, 465 U.S. at 117.
However, it is well established in this circuit that a suit
against a state officer in his or her individual capacity for
money damages is not a suit against the state for purposes of
Eleventh Amendment immunity.  See Wilson v. UT Health Ctr., 973
F.2d 1263, 1271 (5th Cir. 1992) ("Pennhurst and the Eleventh
Amendment do not deprive federal courts of jurisdiction over
state law claims against state officials strictly in their
individual capacities."), cert. denied, 507 U.S. 1004 (1993);
Hays County Guardian v. Supple, 969 F.2d 111, 125 (5th Cir. 1992)
("The Eleventh Amendment does not bar state-law actions against
state officials in their individual capacity."), cert. denied,
506 U.S. 1087 (1993); Crane v. Texas, 759 F.2d 412, 428 n.17 (5th

7

Cir.) ("The Eleventh Amendment is obviously no bar to actions for damages against officials sued in their individual capacities[.]"), <u>cert. denied</u>, 474 U.S. 1020 (1985); <u>see also</u> <u>Hafer</u>, 502 U.S. at 30-31.

When a suit is brought against only state officials, questions arise regarding whether the suit is actually one against the state. <u>See</u> <u>Pennhurst</u>, 465 U.S. at 101. In this regard, the general rule is that "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" <u>Id.</u> (quoting <u>Ford Motor Co. v. Dep't of Treasury</u>, 323 U.S. 459, 464 (1945)); <u>Ford Motor Co. v. Dep't of Treasury</u>, 323 U.S. 459, 464 (1945) ("And when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."). Whether a state is the real party in interest depends upon the nature of the relief sought. A suit in which relief is sought nominally against a state official "'is in fact against the sovereign if the decree would operate against the latter.'" <u>Pennhurst</u>, 465 U.S. at 101 (quoting <u>Hawaii v. Gordon</u>, 373 U.S. 57, 58 (1963)); <u>see also</u> <u>Dugan v. Rank</u>, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would

8

be to restrain the Government from acting, or to compel it to act." (internal quotations omitted)).

In the instant case, the Plaintiffs argue that the Eleventh Amendment is no bar to their state law claims against the Defendants because they are suing the Defendants in their individual capacities.  The Defendants contend, however, that because the state law damage claims against them arise out of their actions in "'enforcing' state law" and, thus, while they were "carrying out" their official responsibilities, Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), dictates that they are protected by the Eleventh Amendment.  As a legal matter, without regard to the underlying merits of the Plaintiffs' damages action, we disagree with the Defendants' conclusion.

Pennhurst was a suit brought by residents of the Pennhurst State School and Hospital in which the residents sought both injunctive and monetary relief from the state officials in their official capacities for claimed violations of state and federal law.  The district court granted the residents injunctive relief, which the court of appeals affirmed.  The Supreme Court reversed. Concluding that "[a] federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law," Pennhurst, 465 U.S. at 106, the Supreme Court held that "a federal suit against state officials on the basis of state law

9

contravenes the Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State itself." Id. at 117. Furthermore, the Court stated that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." Id. at 121. Consequently, the Supreme Court remanded the case to the court of appeals to determine to what extent the district court relied on federal law in determining the need for an injunction.

This court has held that "Pennhurst . . . [does] not deprive federal courts of jurisdiction over state law claims against state officials strictly in their individual capacities." Wilson, 973 F.2d at 1271. Seizing upon a portion of the above-quoted language in Pennhurst, however, the Defendants contend that the relevant inquiry in a case such as this is whether the officials were alleged to have violated state law in "carrying out their official responsibilities." If so, the Defendants maintain that they are protected from suit by the Eleventh Amendment because, at the time of the alleged injury to the Plaintiffs, they were enforcing state law.

Although not specifically addressed in this circuit, the Defendants' argument has been raised and rejected by the Supreme Court and by other courts of appeals. See Hafer, 502 U.S. at 27-28 ("The requirement of action under color of state law means that Hafer may be liable for discharging respondents precisely

10

because of her authority as auditor general.  We cannot accept the novel proposition that this same official authority insulates Hafer from suit.").  <u>See also, e.g.</u>, <u>Hardin v. Straub</u>, 954 F.2d 1193, 1200 (6th Cir. 1992) ("Straub seems to construe this holding as meaning that if his actions were taken as part of his job, then they were taken in his official capacity and that Eleventh Amendment immunity applies. . . . In light of <u>Hafer</u>, Straub's statement of law is incorrect.").  The Supreme Court clarified in <u>Hafer v. Melo</u> that "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."  502 U.S. at 26.  Therefore, we conclude that any confusion existing after <u>Pennhurst</u>, as illustrated in Defendants' argument, has been resolved by the <u>Hafer</u> decision.[2]

---

[2]   We recognize that in <u>Hughes v. Savell</u>, a panel of this court relied on <u>Pennhurst</u> to express that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State."  902 F.2d 376, 378 (5th Cir. 1990).  The Defendants rely on <u>Hughes</u> to support its argument that <u>Pennhurst</u> "requires an analysis of how the state official <u>acted</u> when causing injury to the plaintiff."  We conclude, however, that we must read this language in <u>Hughes</u> in the context of the facts of that particular case.
      In <u>Hughes</u>, a state prisoner sued a security officer and the warden of the Louisiana State Penitentiary, alleging constitutional violations under 42 U.S.C. § 1983 and also pendent state law claims for negligence stemming from the officer's failure to protect the plaintiff from an attack by another prisoner.  The plaintiff argued to this court that he was suing the officials in their individual capacities, although he had failed to specify such in his original complaint.  <u>See</u> <u>id.</u> at 378-79.  The court recognized this argument, but appeared to

11

We are not inclined, however, to interpret <u>Hafer</u>'s language to mean that by merely pleading a suit against state officials in their individual capacities in the caption of the complaint, the suit is automatically transformed into one against the state officials personally.  Indeed, "[t]he real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleadings."  <u>Idaho v. Coeur d'Alene Tribe</u>, 521 U.S. 261, 270 (1997); <u>see also</u> <u>Hafer</u>, 502 U.S. at 27

conclude that it was irrelevant because "Louisiana law places the onus on the state to protect one prisoner from attacks by another prisoner" and because Louisiana case law "impute[s] the employee's negligence to the state for purposes of assigning liability."  <u>Id.</u> at 379 (referencing Louisiana law that "'the state is . . . liable for its [prison] employee's (sic) failure to use reasonable care'" and that "'the blame is <u>not</u> so much <u>personal</u> as due to the undermanned and harassed conditions in which these employees must perform their most important duties'" (alterations in original) (quoting <u>Breaux v. Louisiana</u>, 326 So. 2d 481, 482, 484 (La. 1976))).  The court also noted that it could find "no Louisiana case which holds a prison guard individually liable for such an attack."  <u>Id.</u>

The court found that because the officer was "serving in his official capacity" when the incident occurred, "Louisiana tort law places the duty to safeguard Hughes on the State of Louisiana and designates Savell as Louisiana's agent."  <u>Id.</u>  Therefore, the court concluded that the only avenue for Hughes to sue the official was as an agent of the state, i.e., in the state official's official capacity.  <u>See</u> <u>id.</u>  As such, <u>Pennhurst</u> barred suit on the plaintiff's state law claims because the suit was against the state official in his official capacity.  <u>See</u> <u>id.</u>

Applying <u>Hughes</u>, the question in this case is whether under Louisiana law, the liability of the Defendants will be imputed to the state of Louisiana.  <u>See</u> <u>Reyes v. Sazan</u>, 168 F.3d 158, 162 (5th Cir. 1999).  We specifically asked the parties to be prepared to address this question at oral argument.  The Defendants conceded that there is no Louisiana law imputing liability on the state or that would prevent the state officials from being sued in their individual capacities, and our research failed to reveal any such law.  Accordingly, <u>Hughes</u> does not control our analysis.

12

("[T]he distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'"). Instead, as we stated above, the relevant question in the state law claim context is whether the relief sought operates against the state. See Pennhurst, 465 U.S. at 101-02; see also Scheuer, 416 U.S. at 237.

## B. The Current Suit

In the instant case, the district court denied the Defendants' motion to dismiss to the extent that the Plaintiffs claimed damages against the Defendants in their individual capacities. The district court properly limited the relief for the alleged state law violations to monetary relief to be paid from the Defendants' own pockets. This relief does not operate against the state. See Kentucky v. Graham, 473 U.S. 159, 167-68 (1985) ("A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him."). Furthermore, we agree with the Defendants' concession that the simple fact that Louisiana law provides for indemnification of the state officials does not convert the suit into one against the state. See Hudson v. City of New Orleans, 174 F.3d 677, 687 n.7 (5th Cir.) ("The Eleventh Amendment does not come into play in personal capacity suits, and the existence of an indemnification statute promising to pay judgments when an officer is sued in his individual capacity does not extend the Eleventh Amendment's protections around the officer." (citation

13

omitted)); cert. denied, 528 U.S. 1004 (1999); Flowers v. Phelps, 964 F.2d 400, 401 n.2 (5th Cir. 1992) ("The existence of a state immunity statute does not render these individuals immune from federal suit.").

Considering the pleadings in the light most favorable to the Plaintiffs, we conclude that the Plaintiffs have pleaded facts demonstrating that they are seeking to impose individual and personal liability on the named Defendants, although they have yet to establish these claims by proof.  Moreover, in their motion to dismiss, the Defendants offer up the defense of qualified immunity, a defense that is intended to protect the Defendants from personal liability.  See Hafer, 473 U.S. at 166-67 ("When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law.  The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity, . . . such as the Eleventh Amendment." (citations omitted)).  We hold that, on this narrow question of law, the district court did not err in refusing to grant the Defendants' motion to dismiss insofar as it related to the Plaintiffs' state law claims against the Defendants in their individual capacities.

**IV. CONCLUSION**

14

For the foregoing reasons, we AFFIRM the judgment of the district court and REMAND for further proceedings consistent with this opinion.