IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31390
Conference Calendar
_____

JOSEPH R. ROGERS,

Plaintiff-Appellant,

versus

DEPARTMENT OF CORRECTIONS; FRED Y. CLARK; BOARD OF PAROLE;
PEGGY LANDRY; VEDEGRA SCOTT; R. JONES,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-726-D
- - - - - - - - - -
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph R. Rogers, Louisiana prisoner #105914, appeals from the district court's dismissal of his civil-rights lawsuit filed pursuant to 42 U.S.C. § 1983. The district court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii), because it held that his complaint lacked an arguable basis in law or fact, failed to state a claim upon which relief could be granted, and sought damages against defendants who were absolutely immune.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rogers alleged that his constitutional rights were violated due to the revocation of his parole and the refusals of his requests for a revocation rehearing. The Louisiana Department of Public Safety and Corrections is absolutely immune from suit due to the Eleventh Amendment. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999). Members of the Louisiana Board of Parole are absolutely immune from suit when performing adjudicative functions. See Walter v. Torres, 917 F.2d 1379, 1380 (5th Cir. 1990). Because all of the defendants named in Rogers' complaint are absolutely immune from suit, his complaint was properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Furthermore, his claim challenging the revocation of his parole is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). This claim was therefore properly dismissed as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

His appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We warn Rogers that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is

under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).


APPEAL DISMISSED; STRIKE WARNING ISSUED.