IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41123
Summary Calendar
_____

CHARLES EARL WALLACE,

　　　　Plaintiff-Appellant,

versus

LANNETTE LINTHICUM; WILLIAM REINKENS, Positions Assistant; REGINAL
SHANN STANLEY,

　　　　Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-58
_____

May 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

　　　　Charles Earl Wallace, Texas prisoner # 715750, appeals the
summary judgment in favor of the defendants in his civil rights
action filed under 42 U.S.C. § 1983.  He asserts that defendants
William Reinkens and Reginal Stanley were deliberately indifferent
to his medical needs.

　　　　To the extent that Wallace's claims against Reinkens arose
from events occurring before March 1998, they are barred by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state's two-year statute of limitations on personal injury claims, a conclusion Wallace does not directly challenge on appeal.[1] Wallace's other assertions against Reinkens and Stanley do not rise to the level of deliberate indifference. Wallace has at most asserted allegations of unsuccessful treatment, medical malpractice, or a difference of opinion as to treatment, none of which gives rise to a constitutional violation.[2] Because Wallace failed to allege a violation of a constitutional right, these defendants are entitled to qualified immunity.[3]

Wallace has failed to allege that Lannette Linthicum committed any act giving rise to a deliberate-indifference claim. As Wallace has not shown any personal involvement on the part of Linthicum, he is not entitled to relief against her under 42 U.S.C. § 1983.[4]

Wallace does not challenge on appeal the conclusion that his claims against the defendants in their official capacity are barred by the Eleventh Amendment. This issue not briefed on appeal is

---

[1]  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001).

[2]  *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

[3]  *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[4]  *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314  (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

deemed abandoned.[5]  As Wallace has not revealed any error in the lower court's ruling, the district court's judgment is AFFIRMED.

---

[5]  *See Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995) (per curiam).