# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2015

Lyle W. Cayce
Clerk

No. 14-31231

SHELDON WASHINGTON, Individually, and on Behalf of the Estate of Rosie Washington,

Plaintiff - Appellant

v.

STATE OF LOUISIANA; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; LOUISIANA STATE PENITENTIARY; BURL CAIN; MARY ANNETTE DUBROC; GWEN HARDIN; L. BRUCE DODD; DONALD BARR; RONALD JETT; STACEY FALGOUT; JENNIFER LEMOINE; CLARION BAY; SHARON DUNBAR; LINDA BOREDELON,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-334

Before JOLLY, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:*

Rosie Washington, a former nurse at the Louisiana State Penitentiary, brought suit alleging discrimination under a variety of theories. The trial court granted motions to dismiss all claims other than her claims of discrimination,

_____

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-31231

retaliation, and hostile work environment under Title VII of the Civil Rights Act; the trial court subsequently granted a motion for summary judgment against her remaining claims.

Washington appeals. We affirm.

I.

Washington was a licensed practical nurse who worked for the Louisiana State Penitentiary from 2001 to 2011. Washington alleges she suffered racial discrimination, beginning in 2008. She alleges that the discrimination began when she refused to switch from the night shift to the day shift to accommodate a white couple who wished to work together. During the course of the alleged discrimination, the penitentiary disciplined Washington on three occasions, and recorded her alleged conduct in three Employee Violation Reports; Washington alleges these reports and the resulting punishments were motivated by racial discrimination. She alleges that other discriminatory acts included denying her requests for leave while granting requests from similarly situated white employees, over-counting her absences from work (and thus over-deducting time from her leave hours), disciplining her more harshly than white employees involved in the same misconduct, and firing her because of her race.

In early 2011 Washington sued multiple defendants. Washington sought declaratory and injunctive relief and damages under state laws, federal laws, the Louisiana Constitution, and the United States Constitution. The injunctive relief Washington sought included an injunction prohibiting the penitentiary from firing her. Washington's husband, Sheldon Washington, sought recovery for the emotional damages from observing his wife suffer discrimination.

The defendants filed a motion to dismiss. The district court granted the motion in part, dismissing all of Washington's non-Title VII claims. The case

No. 14-31231

proceeded on for nearly two years, during which time no discovery occurred. During this period, the employment relationship between Washington and the penitentiary ended, in a manner not clear from the record.[1]  Subsequently, the magistrate judge recommended that Washington withdraw her still-pending motion for an injunction precluding the penitentiary from firing her.  Believing that this suggestion was improper, Washington moved for "a statement of judicial interests," seeking to have the magistrate judge declare any financial interests he has in the defendants.  The district court denied this motion.

The defendants moved for summary judgment.  In support of their motion, they attached an affidavit by Sharon Augustine, the Human Resources Manager at the Louisiana Department of Corrections.  The district court found that this affidavit was based on personal knowledge and, because the record contained no other evidence, accepted it as true.  Based on that affidavit, the district court granted summary judgment.  Washington filed a timely appeal.

## II.

"We review de novo a district court's grant or denial of a Rule 12(b)(6) motion to  dismiss, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015).  Similarly,

> We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the district court.  Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

---

[1] In pleadings, Washington claims she was fired.  The only record evidence on this matter states that "at no point during the course of her employment . . . was Mrs. Washington fired."  Although the facts are not clear, it seems most likely that Washington resigned under pressure, perhaps as part of an agreement that entitled her to continued health coverage.

No. 14-31231

*Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014). A trial court's determination that an affidavit is based on personal knowledge—and therefore may be used to support or oppose a motion for summary judgment—is reviewed for abuse of discretion. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled on other grounds by Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009). We review motions for injunctive relief (including the motion for a statement of judicial interest) for abuse of discretion. *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

## III.

The district court did not err in granting the motion to dismiss and thereby dismissing the majority of Washington's claims. Many of her claims were against the state or were suits seeking monetary damages from state employees acting in their official capacities; these claims are barred by the Eleventh Amendment. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313–314 (5th Cir. 1999). She also claimed that alleged workplace discrimination violated the United States Constitution. These claims are without merit. A suspension from work, even without pay, does not violate the Thirteenth Amendment's prohibition on slavery. Nor is suspension without pay a taking without due process in violation of the Fifth Amendment when Washington could challenge the suspension in several ways. Punishment for on-the-job insults does not violate the First Amendment's protection of free speech. *Cf. Stewart v. Parish of Jefferson*, 951 F.2d 681 (5th Cir. 1992). Her other constitutional claims are equally without merit.

Similarly, her state law and state constitutional claims do not state a cause of action upon which relief can be granted. Washington alleges that she was discriminated against in violation of Article I, Section 3 of the Louisiana Constitution. This provision does not create a private right of action, however,

and thus this claim fails. *Smolensky v. General Electric Co.*, 2000 WL 341031 (E.D. La. 2000). Washington generally alleges that torts were committed against her in violation of La. Civil Code article 2315. She does not provide any factual allegations that would support this claim, however, and thus it was properly dismissed. Her other state-law claims are equally unsupported; the district court properly dismissed them. Sheldon Washington's claim fails because, even assuming that discrimination caused Washington to suffer some traumatic injury, Sheldon Washington neither witnessed that injury nor came upon it soon afterward.

The district court also did not err in subsequently granting summary judgment against Washington's Title VII claims. The only evidence before the district court was the affidavit provided by Sharon Augustine. Personal knowledge can be inferred from an affiant's position or other evidence. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). The district court therefore did not abuse its discretion in determining that this affidavit was based on personal knowledge. This affidavit supported the defendants' contention that Washington was not treated differently because of her race and that similarly situated employees who acted as Washington did received the same treatment. A single affidavit can support summary judgment. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993). Washington did not provide any record evidence; her assertion that signed pleadings provide enough support to withstand a motion for summary judgment is without merit. *See Tebo v. Tebo*, 550 F.3d 492, 498 (5th Cir. 2008). In the absence of any contrary evidence, no genuine dispute existed regarding any material fact and the trial court correctly granted summary judgment.

Finally, Washington asserts that the district court incorrectly denied her motions for injunctive relief. Once Washington was no longer employed by the defendants, her motion seeking an injunction precluding the penitentiary from

firing her became moot and the court did not err by dismissing that motion without prejudice.  Further, because Washington was free to refile her motion, she was not significantly harmed by that dismissal.

Similarly, the court did not abuse its discretion in denying Washington's "motion for a statement of judicial interest."  Washington claims that the magistrate judge acted improperly by suggesting that Washington withdraw a motion for injunctive relief after her employment situation changed. Withdrawing this motion would not have prejudiced Washington; suggesting that she withdraw it was not improper.  Thus, the district court did not abuse its discretion in denying Washington's motion.  *See Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

Accordingly, the judgment of the district court is AFFIRMED.